## BENEFICIAL INSURANCE.

[Circuit Court of Hamilton County.]

GRAND LODGE OF A. O. U. W. v. MARY J. BUNKERS.

Decided, April 24, 1902.

*Insurance—In the Ancient Order United Workmen—Officers of Can Not Waive Constitutional Provision—Denying Membership to One Engaged in the Sale of Intoxicating Liquors—Modification of Special Charges—Estoppel or Waiver, Though Not Pleaded, Available, When.*

1. Where the constitution of a fraternal order provides that no person shall be admitted to beneficial membership who is engaged in the sale at retail of intoxicating liquors, the officers of the order are without power to waive this provision.

2. In a reviewing court a party may avail himself of the legal effect of facts which, though not pleaded, constitute an estoppel or waiver, and which appeared in the trial below.

3. Complaint can not be made of the modification of special charges, where the only reference to such modification in the bill of exceptions is the exception of counsel thereto, and his statement as to wherein they were modified.

GIFFEN, J.; SWING, J., and JELKE, J., concur.

Heard on error.

The original petition of the defendant in error stated a cause of action upon a certificate of membership issued by the plaintiff in error to George E. Bunkers. The first defense was that said member, being a saloonkeeper, was ineligible, under Section 74 of the constitution, to membership; that he stated in his application that he was a painter by occupation; that said statement was willfully false and fraudulently made; that the certificate would not have been issued but for such statement, and that the local lodge and the grand lodge had no knowledge of the falsity of such statement. A verdict and judgment were rendered in favor of the defendant in error.

1.    The first alleged error that we will notice is the refusal of the court to allow the witness, Fred. Dhonau, the grand master of the grand lodge of Ohio, to answer the following question:

"State to the jury, if you know, when you signed the particular certificate which was subsequently delivered to the husband of plaintiff in this case?"

It is sufficient to say that, although counsel for plaintiff in error attempted to state what he proposed to prove by the witness, the record does not disclose any definite time which the witness would say was the date of signing.

2. It is claimed that the court erred in striking out the answer of the witness, Burton R. Kob, that "Geo. E. Bunkers, on the evening of his initiation, said that he did not remember to whom he had sold his saloon," but the answer so stricken out is as follows:

"Why, who did you sell your saloon to, George?" He thought for a while. I put the question a second time, and he couldn't remember the man's name he said he sold out to."

It will be observed that this is not a statement that George E. Bunkers *said* he couldn't remember, but merely an impression or opinion of the witness that Bunkers couldn't remember.

3. The grand master also testified that he knew at the time the certificate was issued that Bunkers was a saloonkeeper, and had been for several years prior thereto, but that he did not know until September, 1899, that the certificate was issued to Bunkers, although he himself had signed the certificate dated July 13, 1899.

The court, upon motion of the defendant in error, struck out that part of his testimony relating to his knowledge when Bunkers became a member. This was not error, as the testimony would vary and contradict the terms of the very instrument signed by the grand master, and upon which the action was based.

4. The facts tending to prove an estoppel or a waiver first appeared in the trial of the case and from the evidence offered by the defendant below. It was competent therefore for the plaintiff below to avail himself of their legal effect, although not having pleaded them in her reply. *Bank* v. *Flour Co.*, 41 Ohio St., 552, 559, 560.

5. It is claimed the court erred in modifying the four special charges requested by plaintiff in error, before giving them to the jury; but the bill.of exceptions contains the following recital: "And the following charges asked by the defendant are given."

While it is true that counsel for plaintiff in error excepted to the charges given and as modified by the court, and also stated in what particulars they had been modified, there is no other statement in the bill showing that the court modified the charges. This court is bound by the record made, and can not therefore consider the exceptions to the special charges given at request of plaintiff in error.

6. The court charged the jury in a special charge as well as the general charge in substance that although they found that at the time of the issuance of the certificate Geo. E. Bunkers was engaged in the saloon business, if the lodge or its agents waived that fact, plaintiff could recover.

Section 74 of the constitution provides that—

"No person shall be admitted to beneficial membership in the order  *  *  *  unless he be of good moral character  *  *  * and not engaged in the sale of intoxicating liquors at retail."

To admit one engaged in the sale of intoxicating liquors at retail to membership would be a violation of this fundamental provision of the order, which is of the substance of the contract, and although the chief officer had knowledge of the fact he was without power to waive such provision. *McCoy* v. *Insurance Co.*, 25 N. E. Rep., 289 (152 Mass., 272).

The plaintiff in error being a fraternal order, is exempt under Section 3631-11, Revised Statutes, from the provisions of Section 3625, Revised Statutes.

Judgment reversed and cause remanded.

*McKenney & Belville* and *Patterson A. Reece,* for plaintiff in error.

*Bromwell & Bruce* and *Wm. R. Medaris,* for defendant in error.