GRAND LODGE OF A. O. U. W. v. MARY J. BUNKERS.

**1. EVIDENCE TENDING TO VARY WRITTEN CONTRACT.**

Where the grand master of a beneficiary society testifies that he knew at the time a certificate was issued that the holder was a saloon keeper (a class of risks forbidden by its constitution) and had been for several years prior thereto, but that he did not know until several months later that the policy was issued to such holder, although signed by him, the part relating to his knowledge when the insured became a member, was properly excluded, as tending to vary and contradict the terms of the policy signed by the witness and upon which the action is based.

**2. OFFICERS OF BENEFIT SOCIETIES CANNOT WAIVE CONSTITUTIONAL PROVISIONS.**

Where the constitution of a fraternal beneficial order provides that no person shall be admitted to beneficial membership who is engaged in the sale at retail of intoxicating liquors, the officers thereof have no authority to waive such provision.

**3. BENEFIT SOCIETIES EXEMPT FROM SEC. 3625, REV. STAT.**

Fraternal beneficiary orders authorized by Sec. 3631-11, Rev. Stat., are exempt from the provisions of Sec. 3625, Rev. Stat., providing that false material statements made in the applications for insurance cannot bar recovery on the policies issued thereupon.

**4. EXCLUSION OF TESTIMONY—WHEN NOT AVAILABLE ON ERROR.**

The refusal of the trial court to permit an executive officer of a beneficiary insurance company to testify as to the time when he signed a particular policy cannot be considered on error, notwithstanding an attempt is made to show what the witness was expected to testify, where the record does not disclose any definite time that the witness would say was the date of signing.

**5. IMPRESSION OR OPINION OF STATEMENT OF ANOTHER, INADMISSIBLE.**

The answer of a witness giving his impression or opinion of the statement of another party, not the statement actually made, should be excluded.

**6. ESTOPPEL OR WAIVER AVAILABLE THOUGH NOT PLEADED, WHEN.**

A party on review may avail himself of the legal effect of facts constituting an estoppel or waiver, although not pleaded, where they first appear in the trial of the case below.

**7. REVIEWING COURT BOUND BY RECORD.**

The reviewing court is bound by the record made. Therefore, while it appears that plaintiff excepted to charges given and as modified, by the court, and also in what particulars they were modified, the exceptions cannot be considered thereto in the absence of any other statement in the bill showing that the court modified such charges.

HEARD ON ERROR.

McKemy & Belville and Patterson A. Reece, for plaintiff in error, cited:

Defendant below could not waive any rule or law of the Grand Lodge which was the substance of the contract. Leonard v. Insurance Co., 97 Ind. 299, 306; State v. Temperance Benevolent Assn., 42 Mo. App. 485; Supreme Council Am. Legion of Honor v. Green, 17 Atl. Rep. 1048 [71 Md. 263; 17 Am. St. Rep. 527]; McCoy v. Mutual Ins. Co., 25 N. E. Rep. 289 [152 Mass. 272]; Grand Lodge A. O. U. W. v. Jesse, 50 Ill. App. 101; Harvey v. Grand Lodge A. O. U. W., 50 Mo. App. 472; Leonard v. Insurance Co., 97 Ind. 299; Bacon on Benefit Soc., Sec. 140, p. 218; Secs. 149, 157; Sec. 426, p. 838 and Sec. 434a, p. 878.

Plaintiff in error had a right to rely upon the statement made by Bunkers as to his occupation, and if such statement was wilfully false and fraudulent, that of itself avoided the contract. Bacon Benefit Soc., Sec. 216a, p. 377; McVey v. Grand Lodge A. O. U. W., 20 Atl. Rep. 873 [53 N. J. L. 17, 20].

The answer of plaintiff in error in the court below specifically averred that Bunkers, at the time he became a member was engaged in the sale, at retail, of intoxicating liquors, and was therefore not eligible to membership. This averment clearly advised plaintiff below of the defense relied upon by defendant below, and the plaintiff below, if she intended to rely upon estoppel or waiver should have set it up in her reply to the answer. Eureka Fire & Marine Insurance Co. v. Baldwin, 62 Ohio St. 368, 382 [57 N. E. Rep. 57].

Plaintiff below should prove averment that Bunkers complied with the rules of the order. Champaign Co. v. Church, 62 Ohio St. 318, 338 [57 N. E. Rep. 50].

Bromwell & Bruce and W. R. Medaris, for defendant in error, cited:

In order to maintain the issues on its part set up in the first defense, the defendant must show more than mere falsity in the application for membership; it must also be shown that it was fraudulently made, and that the agent and company had no knowledge of the falsity or fraud of such answer. Hancock Mut. Life Co. v. Warren, 59 Ohio St. 45 [51 N. E. Rep. 546]; Sec. 3625, Rev. Stat.; Metropolitan Life Ins. Co. v. Howle, 62 Ohio St. 204 [56 N. E. Rep. 908].

Answers to questions in applications for membership in benefit societies are not warranties, but representations. Bacon Ben. Soc. 216; Northwestern B. & M. A. Assn. v. Cain, 21 Ill. App. 471; Continental Life Ins. Co. v. Rogers, 10 N. E. Rep. 242 [119 Ill. 474, 484]; I. M. B. Society v. Winthrop, 85 Ill. 537.

The court should construe the rules and regulations of such societies liberally, to effect the benevolent object of their organization. Niblack on Ben. Soc. 391, 392; Supreme Lodge v. Schmidt, 98 Ind. 374; Erdman v. Order of Herman's Sons, 44 Wis. 376.

Forfeiture of membership and the rights incident to it are not favored, and the construction should be such as to avoid the forfeiture, if the language employed will admit of such construction. Connelly v. Shamrock, 43 Mo. App. 283.

In order to constitute a defense in an action of this kind, it is necessary that neither the company nor its agents had knowledge of the falsity or fraud of the answer of the applicant for membership. Metropolitan Life Ins. Co. v. Howle, *supra*; Sec. 3625, Rev. Stat.; Hancock Mut. Life Ins. Co. v. Warren, *supra.*

Evidence of the usage or custom is inadmissible to enlarge or diminish or affect the legal rights and liabilities of the parties, fixed by their written agreement in which there is no ambiguity. Abbott Trial Brief (2 ed.), p. 287; Bloomington Canning Co. v. Bessee, 48 Ill. App. 341; Gilbert v. McGinnis, 28 N. E. Rep. 382 [114 Ill. 28].

Hearsay testimony. Greenleaf Ev. (Redfield ed.), Sec. 124.

Aside from the general principle that one party to a contract cannot by parol declarations *in pais* change the contract, it is settled that a person whose life is thus assured cannot by such parol declarations affect the rights of the beneficiary in the policy. Evers v. Life Assn., 59 Mo. 429, 432; Reid v. Life Assn., 58 Mo. 421; McDermott v. Life Assn., 24 Mo. App. 73; National Union v. Rothert, 1 O. S. C. D. 768 (39 Bull. 143).

The question of waiver is one for the jury. Aurora F. & M. Ins. Co. v. Hosmer, 1 O. S. C. D. 45 (22 Bull. 290).

The waiver, if any, in this case, arises from estoppel which was not disclosed by the pleadings. Where it is not so disclosed, it need not be averred, but as the testimony creating it arises the court shall apply the doctrine regardless of the pleadings. Bank v. Flour, 41 Ohio St. 552, 559, 560. Also, see Castalia Trout Co. v. Sporting Club, 8 Circ. Dec. 693 (8 R. 194).

In Ohio the verdict is to be construed and entered by the court if it can be made certain from the pleadings as to the intention of the jury. Fries v. Mack, 33 Ohio St. 52; 28 Pa. C. C. 537; Fawcet v. Linthecum, 3 Circ. Dec. 700 (7 R. 141); Thornton v. Sprague, Wright, 645; Hay v. Ousterout, 3 Ohio 384; White v. Francis, 5 Re. 323 (4 Am. Law Rec. 501); Morrissey v. Schindler, 26 N. W. Rep. 476 [18 Neb. 672, 673].

GIFFEN, J.

The original petition of the defendant in error stated a cause of action upon a certificate of membership issued by the plaintiff in error

to George E. Bunkers. The first defense was that said member, being a saloon keeper, was ineligible, under Sec. 74 of the constitution, to membership; that he stated in his application that he was a painter by occupation; that said statement was wilfully false and fraudulently made; that the certificate would not have been issued but for such statement, and that the local lodge and the grand lodge had no knowledge of the falsity of such statement. A verdict and judgment were rendered in favor of the defendant in error.

The first alleged error that we will notice is the refusal of the court to allow the witness, Fred. Dhonau, the grand master of the grand lodge of Ohio, to answer the following question :

" State to the jury, if you know, when you signed the particular certificate which was subsequently delivered to the husband of plaintiff in this case ? "

It is sufficient to say that, although counsel for plaintiff in error attempted to state what he proposed to prove by the witness, the record does not disclose any definite time which the witness would say was the date of signing.

2. It is claimed that the court erred in striking out the answer of the witness, Burton R. Kob, that " Geo. E. Bunkers on the evening of his initiation said that he did not remember to whom he had sold his saloon," but the answer so stricken out is as follows :

" Why, who did you sell your saloon out to, George? He thought for a while. I put the question a second time, and he couldn't remember the man's name he said he sold out to."

It will be observed that this is not a statement that George E. Bunkers *said* he couldn't remember, but merely an impression or opinion of the witness that Bunkers couldn't remember.

3. The grand master also testified that he knew at the time the certificate was issued that Bunkers was a saloon keeper, and had been for several years prior thereto, but that he did not know until September, 1899, that the certificate was issued to Bunkers, although he himself had signed the certificate dated July 13, 1899.

The court upon motion of the defendant in error struck out that part of his testimony relating to his knowledge when Bunkers became a member. This was not error, as the testimony would vary and contradict the terms of the very instrument signed by the grand master, and upon which the action was based.

4. The facts tending to prove an estoppel or a waiver first appeared in the trial of the case and from the evidence offered by the defendant below. It was competent therefore for the plaintiff below to avail him-

selt of their legal effect, although not having pleaded them in her reply. Bank v. Flour Co., 41 Ohio St. 552, 559, 560.

5. It is claimed the court erred in modifying the four special charges requested by plaintiff in error; before giving them to the jury; but the bill of exceptions contains the following recital: "And the following charges asked by the defendant are given."

While it is true that counsel for plaintiff in error excepted to the charges given and as modified by the court, and also stated in what particulars they had been modified, there is no other statement in the bill showing that the court modified the charges. This court is bound by the record made, and can not therefore consider the exceptions to the special charges given at request of plaintiff in error.

6. The court charged the jury in a special charge as well as the general charge in substance that although they found that at the time of the issuance of the certificate Geo. E. Bunkers was engaged in the saloon business, if the lodge or its agents waived that fact, plaintiff could recover.

Section 74 of the constitution provides that—

"No person shall be admitted to beneficial membership in the order * * * unless he be of good moral character * * * and not engaged in the sale of intoxicating liquors at retail * * *."

To admit one engaged in the sale of intoxicating liquors at retail to membership would be a violation of this fundamental provision of the order, which is of the substance of the contract, and although the chief officer had knowledge of the fact he was without power to waive such provision. McCoy v. Insurance Co., 25 N. E. Rep. 289 [152 Mass. 272].

The plaintiff in error being a fraternal order, is exempt under Sec. 3631–11, Rev. Stat., from the provisions of Sec. 3625, Rev. Stat.

Judgment reversed and cause remanded.