## CARRIE W. BURBANK *vs.* BOSTON POLICE RELIEF ASSOCIATION.

Suffolk.    March 4. — May 9, 1887.    FIELD, C. ALLEN, & GARDNER, JJ., absent.

An association was incorporated by the St. of 1876, *c.* 16, "for the purpose of assisting the families of deceased members of said association, and the members thereof, when sick or disabled;" and it was required that all the members should be members of the police department of a certain city.    Article 1 of the by-laws provided that the corporation should be composed of members of the police department of said city; and that, "when a member leaves the police department by resignation, discharge, or from any cause whatever, he shall cease to be a member of the corporation."    The act of incorporation was amended by the St. of 1882, *c.* 78, so that the benefit to accrue by reason of the decease of members "may be extended to such members as may be retired" from the police force under the St. of 1878, *c.* 244, § 5.    The last-named statute authorized the police commissioners of said city to retire a member of the police department, and place him upon a pension, if he had become disabled while in the actual performance of duty.    In February, 1884, new by-laws were adopted, article 1 being the same as article 1 of the former by-laws, with the proviso added that members who had been retired after the day when the St. of 1882, *c.* 78, took effect, or should thereafter be retired, and who had been members of the corporation for five years previously to their being retired, or were retired through injuries received in the discharge of their duties, might retain their membership, as provided in the St. of 1882, *c.* 78.    The by-laws also provided that every member, upon joining the corporation, should designate in writing, attested by two witnesses and the treasurer of the corporation, some member of his family to whom the amount to be paid upon his decease should be paid; and that any member might, at any meeting of the directors, make such change in the disposition of said sum, by transferring the payment to some other member of his family, as he should elect.    A. became a member of the corporation after the St. of 1882, *c.* 78, took effect, and before the change in the by-laws.    In August, 1884, he was retired from the police force, under the St. of 1878, *c.* 244, § 5, and placed on the pension roll, for disability, but not through injuries received in the discharge of his duties.    Two semiannual assessments were paid by A. after his retirement, and received by the treasurer.    A.'s name was reported in 1884, in the annual report by the officers to the corporation, as a retired officer, and his name was on the annual list of members.    In May, 1885, A. changed the designation of his beneficiary to B., his daughter, by an instrument under seal, and attested by two witnesses and by the treasurer of the corporation.    *Held*, in an action by B. against the corporation, that A. ceased to be a member of the corporation upon his retirement from the police force; that the corporation was not estopped, by the acts of its officers, to deny that A. was a member; and that the action could not be maintained.

CONTRACT to recover $1000, alleged to be due the plaintiff as the beneficiary of John W. Morey, deceased, who during

his lifetime was a member of the defendant corporation.    Trial in the Superior Court, before *Knowlton*, J., who ordered a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*C. T. Gallagher*, for the plaintiff.

*E. J. Jenkins & J. F. Cronan*, for the defendant.

W. ALLEN, J.    The defendant was incorporated by the St. of 1876, *c.* 16, "for the purpöse of assisting the families of deceased members of said association, and the members thereof, when sick or disabled, or upon the decease of their wives."    It was required that all the members should be members of the police department of the city of Boston.

It was provided by article 1 of the by-laws, adopted in 1877, that the corporation should· be composed of members of the police department of the city of Boston; and that, "when a member leaves the police department by resignation, discharge, or from any cause whatever, he shall cease to be a member of the corporation."    The act of incorporation was amended by the St. of 1882, *c.* 78, which took effect on March 16, 1882, so that the benefit to accrue by reason of the decease of members "may be extended to such members as may be retired" from the police force under the St. of 1878, *c.* 244, § 5.*

In February, 1884, new by-laws were adopted, article 1 being the same as article 1 of the former by-laws, with the following provisos added:

"Provided, however, that such members of the corporation as may have been retired from the Police Department since the sixteenth day of March, 1882, or who may hereafter be retired, may retain their membership as provided in chapter 78 of the acts of 1882.

"Provided, however, that said retired members, or those that may hereafter be retired, were members of the Boston Police Relief Association for five years previous to their retirement.

---

* The St. of 1878, *c.* 244, authorized the appointment of a board of police commissioners in the city of Boston, and by § 5 provided that the board might retire from office in the police department "any captain, inspector, sergeant, or patrolman, who has become disabled while in the actual performance of duty, or who has performed faithful service in the department for a period of not less than fifteen consecutive years, and place the officer so retired upon a pension roll."

"Should any member of this corporation, however, after signing the by-laws, be retired through injuries received in the discharge of his duties, said member shall receive all benefits as provided for retired members, as though he had been a member for five years."

One Morey became a member of the corporation after March 16, 1882, and before the change in the by-law. In August, 1884, Morey was retired from the police force, under the St. of 1878, c. 244, § 5, and placed on the pension roll for disability, but not through injuries received in the discharge of his duties.

It is contended, in behalf of the plaintiff, that Morey continued to be entitled to the benefits of membership in the corporation after he was retired from the police force, by the terms of the St. of 1882, c. 78, without, or in spite of, any action of the corporation. But the statute provides that the benefits "may be extended" to retired members. Its whole effect is to extend the class eligible to the benefits of membership, so that it shall include retired members of the police force. It authorizes, but does not require, the corporation to extend its benefits to members after they are retired. The only attempt by the corporation to exercise this authority was by the by-law of February 18, 1884, and Morey was not included in that, as he had not been a member five years, and was not retired through injuries received in the discharge of his duties. That by-law, after declaring that the corporation shall be composed of members of the police department, and that, when a member leaves the police department for any cause, he shall cease to be a member of the corporation, adds the proviso that members who shall be retired from the police department may retain their membership if they have been members for five years before being retired; and provides that those who are retired for injuries received in the discharge of their duty shall receive all benefits as though they had been members for five years.

It is argued, that the first proviso is a valid execution of the authority given by the statute; and that the limitations added to it are unauthorized, and are to be rejected, leaving the first proviso in effect. But the authority to extend the benefits to a class authorized the extension to a designated part of the class.

Certainly the by-law cannot be held to include those whom it expressly excludes.

It is further argued, that the corporation accepted Morey as a member, and entitled him to the benefit of a member after he had been retired.    Two semiannual assessments, which would regularly have become due from Morey had he continued a member after his retirement, were paid by him, and received by the treasurer.    Morey's name was reported in 1884, in the annual report by the officers to the corporation, as a retired officer, and his name was on the annual list of members.    The by-laws provided that every member, upon joining the corporation, should designate in writing, attested by two witnesses and the treasurer of the corporation, some member of his family to whom the amount to be paid upon his decease should be paid, and that any member might, at any meeting of the directors, make such change in the disposition of said sum by transferring the payment to some other member of his family as he should elect.    In May, 1885, Morey changed the designation from his niece to his daughter, the plaintiff, by an instrument under seal, and attested by two witnesses and the treasurer of the corporation.    It is to be assumed that this was done at a meeting of the directors ; but it does not appear that any action was taken by the directors upon it.    There is no ground for the contention that the defendant is bound by these acts of its officers, or is estopped to deny that Morey was a member.    Neither the treasurer nor the directors had authority to continue Morey a member.    The by-laws declared that he was not a member, and the corporation itself could not vote to give him the rights of a member.

The corporation has done nothing to ratify the acts of its agents, even if the acts were such as would give Morey the rights of a member if they had been ratified.

*Exceptions overruled.*