ELLEN C. RICE *vs.* NEW ENGLAND MUTUAL AID SOCIETY.

Suffolk.　January 12, 13, 1888. — March 2, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Beneficiary Association — Assessments — Payment — Forfeiture — Waiver.*

The levy and acceptance of assessments by a beneficiary association without condition, after the conditional acceptance of a prior overdue payment, is a waiver of the right to avoid a certificate for delay of payment.

CONTRACT to recover $5,000 on a certificate of membership in the defendant society issued to Thomas G. Rice, the husband of the plaintiff. The plaintiff, who was the beneficiary named in the certificate, died after the action was brought, and her administrator was admitted to prosecute it.

At the trial in the Superior Court, before *Bacon*, J., there was evidence tending to show the following facts:

Rice died on December 17, 1885, and notice and proofs of his death were duly furnished to the defendant. The certificate contained the clause, that if the member should "omit or neglect to pay to said society within thirty days of date of notice the annual fee of five dollars, the advance assessment, or any regular assessment of six and one half dollars, that may be made by said society upon him under this certificate, then in every or either event above named this certificate shall thereby become null and void." The application upon which the certificate was issued contained an agreement that "a printed notice, expiring thirty days from date, and mailed within one day of

the date thereof, shall be sufficient notice of any assessment levied." The residence of Rice was stated in the certificate to be Cambridge, but he resided in Cambridgeport, and that was his post-office address. On or before July 17, 1885, a regular assessment was made by the society upon the class in which Rice held his certificate, and notices thereof were deposited in the post-office at Boston on July 18, 1885, between two and four o'clock P. M. There was no evidence that among these notices was included one to Rice, but one was found in his pocket on August 19, 1885, after he became ill. If a notice to Rice was among those so mailed, it would in due course of mail have arrived at Cambridge on July 19, and, as that was Sunday, would not have reached the Cambridgeport post-office until July 20, at about nine o'clock A. M.

On August 19, 1885, Rice was not in good health, and from that time never returned to business. His death took place in December, of Bright's disease. When the notice of assessment dated July 17, 1885, was found in the pocket of Rice, it was sent with $6.50 by a messenger, to the office of the defendant. The defendant's cashier received the money without inquiry or objection, stamped on the notice the words, " This assessment is accepted on condition that the member is in good health,". and, having receipted for the sum on the notice, gave it back to the messenger. Nothing was said to or by the messenger relative to the health of Rice, nor did the messenger know anything about it. Afterwards, and before the death of Rice, six other assessments were made by the defendant upon him under the certificate, and were paid by the plaintiff, at Rice's request, to the defendant, within thirty days of the dates thereof. These assessments were received unconditionally by the defendant, and when paid the defendant made no inquiry concerning the health of Rice, and no information was furnished to the defendant concerning it. There was no evidence that the defendant had any knowledge that Rice was not in good health when the payment of August 19, 1885, and the subsequent payments of assessments were made, until after his death.

The judge, at the request of the defendant, instructed the jury, that, under the provisions of the certificate, if the assessment mentioned in the notice dated July 17, 1885, was not

paid within thirty days of the time when it reached the post-office of the residence of Rice, in due course of mail, then the certificate became null and void; and that, under the provisions of the application and certificate, if the notice of assessment dated July 17, 1885, was mailed within one day of its date, and the assessment was not paid within thirty days of July 17, 1885, the certificate would become null and void, unless it was ratified by a subsequent payment made, and unless the fact of a failure to make this payment within the time was waived. The judge also ruled and instructed the jury, against the objection of the defendant, in substance, that the defendant, having received the six assessments made after the payment of the one paid conditionally on August 19, 1885, without making any inquiry to ascertain the facts concerning the health of Rice, waived the breach of the certificate, if there was any at the time of the payment on August 19, 1885; that if the jury found that the defendant did receive, without inquiry, assessments subsequent to that received on August 19, 1885, and that they were paid by the plaintiff, that would amount to a waiver of any default or nonpayment at that date, August 19, 1885; that if the jury were satisfied that without inquiry the defendant did receive such subsequent payments, it would amount to a waiver of a default at that time; and that it would make no difference that the six subsequent assessments were paid before they were due.

The jury found for the plaintiff; and the defendant alleged exceptions.

*F. D. Ely*, for the defendant. Upon the facts, the receipt by the defendant of the subsequent assessments was not a waiver of the breach of the certificate. *Hoxie* v. *Home Ins. Co.* 32 Conn. 21. *Insurance Co.* v. *Wolff*, 95 U. S. 326. *Mobile Ins. Co.* v. *Pruett*, 74 Ala. 487. *Servoss* v. *Western Aid Society*, 67 Iowa, 86. The doctrine of waiver, as asserted against insurance companies to avoid the strict enforcement of conditions contained in their policies, is only another name for the doctrine of estoppel. *Insurance Co.* v. *Wolff, ubi supra.*

If the law recognizes a doctrine of waiver by conduct distinguished from that of estoppel *in pais*, the essential elements of such waiver are knowledge of the right claimed to be waived,

and intention to waive it, and these must be concurrent.  *West v. Platt*, 127 Mass. 367.  *Oakes* v. *Manufacturers' Ins. Co.* 135 Mass. 248.  *Holdsworth* v. *Tucker*, 143 Mass. 369.

The six subsequent payments and receipts relate back to the condition of the receipts of August 19, 1885, and are as much controlled and affected by it as though the words of that condition were stamped on each subsequent receipt.  The acceptance and retention of the receipt of August 19, 1885, was an affirmation and representation that the insured was then in good health. The insured intended that the defendant should act on that representation, and it did act upon it.  The plaintiff is therefore estopped from taking advantage of such acts of the defendant to its prejudice.  *Dewey* v. *Field*, 4 Met. 381.  *Osgood* v. *Nichols*, 5 Gray, 420.  *Cartwright* v. *Bate*, 1 Allen, 514.  *Audenried* v. *Betteley*, 5 Allen, 382.

*C. P. Sampson*, (*S. J. Thomas* with him,) for the plaintiff.

C. ALLEN, J.  If it be assumed that the payment made on August 19, 1885, was too late, the question remains whether the company by its subsequent acts waived a right to avoid the policy or certificate of insurance on that ground.

Without expressing any opinion as to the effect of the retention of that money, we think the levy of the subsequent assessments, and the acceptance of the money paid upon them, amounted to such a waiver.  When the time came for the levy of a new assessment, if Rice's policy was to be treated as still in force, he would properly be included in the assessment; otherwise not.  Under this state of things, six other assessments upon him were made by the company, all of which were seasonably paid.  There was no determination by the directors of the company, that for the time being Rice's policy should be treated as not in force or suspended; but in making the new assessments, so far as appears, no pains were taken and no intention was formed to exclude him.  No condition was in express terms annexed to the levy of these new assessments, or to the acceptance of the payments by the assured upon them.  The company, however, contends that the condition of the former acceptance reaches forward, and applies also to the later payments, and that it is not bound by later assessments which it made, and later payments which it received, in ignorance that the assured was

in ill health at the time of the former payment. But it cannot be allowed in this way to imply a condition in favor of a forfeiture. It had knowledge that on the former occasion the payment had been made too late, and that the money had been accepted with a condition annexed. If, before levying a new assessment, the company wished to know the particulars as to Rice's health, and thus to determine whether that payment was valid or not, it was incumbent on it to make inquiry. Instead of doing so, instead of notifying him that it wished for some positive evidence or statement upon the subject, instead of imposing a further condition relating back to the time of the former payment, the company made an unconditional call upon him for the payment of a new assessment. It acted under no deception or misrepresentation, but it had all the information which it cared to take the pains to acquire. We are unable to see how it can properly be held that the former conditional acceptance cuts down the effect of the later unconditional acceptance. The condition relates to the former payment alone. Suppose the payment of the former assessment had never been made at all, and the company, without insisting upon the nonpayment as a ground of forfeiture, had levied new assessments upon the assured, which were all duly paid and accepted without condition ; could it be contended that there was no waiver? An unconditional acceptance upon assessment waives all former known grounds of forfeiture, and this effect is not varied or limited because an acceptance of a former assessment had been on condition, and had not amounted to such a waiver. *Hodsdon* v. *Guardian Ins. Co.* 97 Mass. 144. *Bouton* v. *American Ins. Co.* 25 Conn. 542. *Phœnix Ins. Co.* v. *Raddin,* 120 U. S. 183.                              *Exceptions overruled.*