HANNAH McCOY *vs.* ROMAN CATHOLIC MUTUAL INSURANCE
COMPANY.

Hampden.    September 23, 1890. — October 23, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Beneficiary Association — Officers — Waiver of By-law.*

The officers of a beneficiary association, organized under the St. of 1877, c. 204, § 1, (Pub. Sts. c. 115, §§ 2, 8,) have no authority to waive a by-law of the association which provides that only persons of a particular class, " between the ages of twenty and fifty-one years " may become members, and to admit to member-ship a person otherwise eligible whose age exceeds that limit.

CONTRACT, to recover $500 on a certificate of membership in the defendant company, issued to John O. McCoy, for the ben-efit of his daughter, Hannah McCoy. Trial in the Superior Court, without a jury, before *Barker*, J., who reported the case for the determination of this court, in substance as follows.

The defendant company was organized on May 10, 1877, under the name of the Roman Catholic Mutual Insurance Com-pany of the Diocese of Springfield, " for the purpose of render-ing pecuniary aid to the families of deceased members, or to their heirs." The by-laws adopted by the company contained the following provisions which alone are material.

Art. II. § 1: " Any male Roman Catholic, between the ages of twenty and fifty-one years, residing in the diocese, may become a member of this corporation by paying the required fee and mak-ing application in form prescribed." Art. III. § 6: " The board of directors shall consist of not more than seventy-five members, and shall have at least three members from each parish. The board shall have supervision of the affairs of the corporation; they may make any laws for their guidance not inconsistent with these by-laws. The president of the corporation shall be a member of and president of the board. The directors in each parish shall receive and decide all applications for membership in their parish; their action shall be governed solely by the rules of the corporation; they shall forward all applications presented to them to the secretary. Seven directors shall constitute a

quorum." Art. XI. § 1: "The membership of this corporation is limited to one thousand."

John O. McCoy was a Roman Catholic, and a member of the parish of St. Jerome in the above named diocese, in which parish the company had a membership and the requisite number of resident directors. On July 13, 1884, being then more than fifty-one years of age, he duly applied to the company for membership, his application describing him as "being now about forty-nine years of age," and reciting his agreement to conform to the by-laws and other regulations of the company. An indorsement upon the application, signed by three of the directors of the company residing in the parish, was as follows: "We have examined the above application. We know the applicant, and consider him eligible to membership." A certificate of membership was then issued to him, and thereafter notices were sent to him of the assessments laid by the company, and all such assessments were paid on his behalf until his death, in June, 1889. As early as September, 1887, John J. McCoy, a son of John O. McCoy, with whom he was then living, ascertained from his father's papers that he was, when he received the certificate from the company, more than fifty-one years of age, and he thereupon wrote a letter to one Geran, a director of the company residing in the parish, through whom the notices had been received, and to whom the assessments had been paid up to that time, stating that his father was above the age required by the by-laws, and asking in substance what should be done to make it right with the company. Geran replied that the by-laws did not apply to the father, because he joined the company before they were adopted, and that it was all right.

When the original agreement for the formation of the company was made, there were included among the subscribers to that agreement men who were over fifty-one years of age; but no persons were admitted after the original members except under the by-laws, and upon an application stating that they were under that age. At the time Geran wrote to the son as above, he supposed that the father was one of the original members, received before the by-laws were adopted; but Geran had access to the books and papers of the company, an inspection of which would have shown him the contrary. In

reliance upon the assurance of Geran, the subsequent assessments were paid, and nothing was done beyond paying assessments until after John O. McCoy died. When he joined the company, the directors who approved his application either knew or had good reason to know that he was then at least sixty years old. The vice-president of the company was acquainted with him, knew that he was a member and was over age, and took no steps to terminate his membership. No officers of the association other than those already named had any knowledge that he was over age when he joined the company. There was no action taken by the company with reference to his membership, except the receipt of the application for membership fee and the issuing of the certificate, the sending out of notices of assessments, and the receiving of payments and the making of receipts for them. At the time of his death there were four hundred members of the society. After his death, application was made for payment, but was refused because he was over age, the refusal being accompanied with an offer to repay to the parties interested all the assessments which he had paid and his membership fee, being all the money that had been paid in to the company by him.

Upon the above facts the judge found for the plaintiff, and assessed her damages in the sum of $412. If the finding was correct, judgment was to be entered thereon; otherwise judgment was to be entered for the defendant, or as law and justice might require.

*G. Wells,* (*W. Slattery* with him,) for the plaintiff.

*J. B. Carroll,* for the defendant.

KNOWLTON, J. From the report, it is fairly to be inferred that the defendant corporation was organized under the St. of 1877, c. 204, § 1, (Pub. Sts. c. 115, §§ 2, 8,) and that it was a mutual beneficiary association. Its by-laws are made a part of the case, and from them it appears that since their adoption only male Roman Catholics between the ages of twenty and fifty-one years are eligible to membership. John O. McCoy, at the time he made his application, was much older than that, and under the by-laws he could not be admitted to membership. It does not distinctly appear that any officer of the corporation intended to waive the provisions of the by-laws. Perhaps the

court might properly infer that the vice-president, and the three directors who approved the application, did; for the vice-president knew, and the others knew, or had good reason to know, that the applicant was more than fifty-one years of age. But his application described him as about forty-nine years of age, and expressly referred to the by-laws; and the directors who indorsed their approval certified that they considered him eligible to membership. It seems probable that their approval of the application was given through inadvertence. Moreover, the by-laws provided for a large number of directors, requiring at least three from each parish, and permitting the admission of members from every parish in the diocese. Geran, the director to whom the letter was written by John J. McCoy, did not intend to waive the by-laws; for he supposed that John O. McCoy was one of the original associates to whom this provision of the by-laws did not apply. None of the other officers of the corporation had any knowledge that the deceased was older than he represented himself to be in his application, and no other person has been admitted as a member of the corporation since the adoption of the by-laws, without an application under the by-laws stating that he was less than fifty-one years of age.

But even if the officers of the corporation had attempted to waive the by-laws in this particular, which was of the substance of the contract, we are of opinion that they had no authority so to do. This is a corporation which does not make contracts of life insurance with strangers, but arranges a system of payments for the benefit of the relatives of its deceased members. It adopts by-laws to determine the relations of the members to one another, and also their rights against the corporation. The principles which apply to ordinary mutual insurance companies in regard to the waiver of by-laws by officers are equally applicable to this corporation. *Bolton* v. *Bolton*, 73 Maine, 299. *Swett* v. *Citizens' Relief Society*, 78 Maine, 541. It is well settled that the officers of a mutual insurance company have no authority to waive its by-laws which relate to the substance of the contract between an individual member and his associates in their corporate capacity. *Hale* v. *Mechanics' Ins. Co.* 6 Gray, 169. *Baxter* v. *Chelsea Ins. Co.* 1 Allen, 294. *Mulrey* v. *Shawmut Ins. Co.* 4 Allen, 116. *Evans* v. *Trimountain Ins. Co.* 9 Allen,

329.  *Swett* v. *Citizens' Relief Society,* 78 Maine, 541.   See also *Burbank* v. *Boston Police Relief Association,* 144 Mass. 434.

In regard to a by-law in relation to the proof of loss, which does not touch the essence of the contract, but relates only to the mode in which the liability of the company is to be established to the satisfaction of the officers who are to act upon the matter, the rule is different.   *Priest* v. *Citizens' Ins. Co.* 3 Allen, 602.

The officers of the defendant were agents with a limited authority.   The corporation, by the law which it laid down for its government, received into association with its members, and to participation in its benefits, only persons of a particular class. John O. McCoy did not belong to that class, and he could not become a member of the corporation without appropriate action by the corporation itself.   The defendant concedes that he paid his money without consideration, and has offered to repay it to his representatives.   His designated beneficiary cannot recover in this action.                   *Judgment for the defendant.*