ELLEN M. LYON *vs.* SUPREME ASSEMBLY OF THE ROYAL SOCIETY OF GOOD FELLOWS.

Suffolk.   November 17, 1890. — January 10, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Beneficiary Association — Waiver — Estoppel.*

Payment of a certificate issued by a subordinate assembly of a beneficiary association was conditioned upon the member being in good standing when he died. On November 1, 1888, after his suspension under the constitution through nonpayment of dues, an assessment was duly levied, which he had notice of but did not pay within thirty days, an additional ground of suspension.   On December 3 following, he paid the assessment to the proper officer, but before it was forwarded to the treasurer of the association was notified that a medical examination was necessary to his reinstatement.   On January 1, another assessment was duly levied, which on January 17, the day before he died, was paid by his wife, the beneficiary named in the certificate, together with the dues, to the financial secretary of the assembly.   Under the laws of the association, reinstatement could be had within thirty days of suspension by a majority vote of the assembly, but thereafter and within ninety days only by such vote and a new medical examination.   *Held*, in an action against the association, that the January assessment and the payments made by the wife did not constitute a waiver on the part of the association, or the payments alone create an estoppel in her favor.

CONTRACT to recover $3,000, on a certificate of membership issued by the defendant, a beneficiary association, to Oliver P. Lyon, for the benefit of the plaintiff. Trial in the Superior Court, without a jury, before *Blodgett*, J., who found for the defendant, and reported the case for the determination of this court. The material facts appear in the opinion.

*S. H. Tyng*, for the plaintiff.

*John Haskell Butler*, for the defendant.

HOLMES, J. This is an action by the beneficiary named in a certificate of membership issued to her husband, Oliver P. Lyon, by a society incorporated by special charter in the State of Rhode Island. The objection is waived, that, as the contract to pay the plaintiff was made with her husband, she should have brought the action as his administratrix. Otherwise, it would have been fatal. *Rindge* v. *New England Mutual Aid Society*, 146 Mass. 286. *Flynn* v. *Massachusetts Benefit Association*, 152 Mass. 288. The promise to pay the plaintiff is conditioned upon the member being in good standing at the time of his death, and the defence is that he was not in good standing at that time. The reply is, that the defendant has waived that defence.

It appears that Oliver P. Lyon had failed to pay certain dues within the time allowed by the constitution * of the subordinate

---

* The form of constitution prescribed by the association for subordinate assemblies contains the following: Art. VIII. § 2. "Each member shall pay as dues, to commence with the date of initiation, such sums as shall be prescribed in the by-laws, not less than fifty cents per quarter, payable quarterly in advance, on the last stated meeting in March, June, September, and December, and any one neglecting to thus pay is in arrears, not entitled to any benefits, and if he continues in arrears for three months shall then stand suspended."

The laws, so called, of the defendant contained the following: Law II. § 1. "On the first day of each month, or in case that day falls on Sunday, on the following or second day, the supreme secretary shall levy such assessment or assessments, if any, as may be necessary to pay current death benefits, and notify every assembly to forward immediately to the supreme treasurer the assessments of every member initiated on or before the date of said call." Law V. § 1. "Any member failing to pay an assessment or assessments within thirty days from date of notice calling for same, shall stand suspended, and neither he or his beneficiaries shall be entitled to any benefits from the society while he is so suspended, nor until he is duly reinstated. The financial secretary shall immediately notify the subordinate secretary, who in turn shall immediately notify the supreme secretary of such

assembly to which he belonged, the form of which was fixed by the corporation ; and that by force of the constitution he was suspended, and not in good standing on November 1, 1888. Art. VIII. § 2.   On that day an assessment was levied under the laws of the corporation, and he was notified, but did not pay it within thirty days, an additional ground of suspension under the laws.   Law V. § 1.   On December 3, 1888, however, he paid the assessment to the proper officer , but a few days afterwards, and before the money was forwarded to the supreme treasurer, he received notice that he would have to be re-examined by the medical examiner in order to be reinstated.   It is contended that the November assessment, and this payment, did away with all previous forfeitures.   On January 1, 1889, another assessment was levied.   On January 18, Oliver P. Lyon died.   On January 17, the day before her husband's death, a messenger of the plaintiff paid the amount of the before mentioned dues and the January assessment to the financial secretary, the officer of the subordinate assembly to which her husband belonged, but it does not appear that the secretary knew that the payment was made by the plaintiff, and not by Lyon himself, or that the money ever reached the supreme treasurer, if either fact be material.   The January assessment and these payments are relied on as establishing a waiver, and the payments also as establishing an estoppel in favor of the plaintiff.

The trouble with the plaintiff's case is, that none of the acts relied on were acts of the corporation, but they all were done by

suspension."   Law VII. § 1.   "Any member suspended under the law for non-payment of an assessment call or dues, within the required time, may within thirty days from the date of his suspension, be reinstated by a major- ity vote of the assembly, at any regular meeting.   § 2. But if thirty days have elapsed since suspension, a medical certificate of the form prescribed for new members must be obtained from a commissioned medical examiner, and after approval of the same by the medical examiner-in-chief, the applicant may be reinstated by a majority vote of the assembly.   § 3. All reinstate- ments shall be made within ninety days from date of suspension, otherwise the applicant shall only be admitted as a new member, paying assessments thereafter at the rate for the age attained when readmitted."   Law X. § 3. " A member may, at any time, when in good standing, surrender his benefit certificate and a new certificate shall thereafter be issued, payable to such beneficiary or beneficiaries dependent upon him or to any person or persons upon whom he may then be dependent as such member may direct."

officers who had no authority to waive the express provisions of its laws. In *Rice* v. *New England Mutual Aid Society*, 146 Mass. 248, it appeared by the terms of the bill of exceptions that the assessments subsequent to the forfeiture were levied by the company, and that the amounts were received by the company. Even if the statement had been made improvidently, of which there was no suggestion, this court could not go behind it. But in this case the question of the power of the officers is open.

Under the laws of the corporation, the only ways in which Oliver P. Lyon could have been reinstated were by a majority vote of the assembly within thirty days from his suspension, or after thirty days by obtaining a new medical certificate and a majority vote. All reinstatements are required to be made within ninety days from the suspension, otherwise the applicant can only be admitted as a new member. Law VII. § 3. The assessments are prescribed by and are subject to Law II. § 1. They are to be levied by the supreme secretary, and notified to subordinate assemblies. The amounts received are to be forwarded to the supreme treasurer. Presumably the supreme secretary does not name the members of subordinate assemblies to be assessed, but leaves that for them to ascertain, which of course they can do only as the laws of the corporation permit. But if the supreme secretary himself had ordered Oliver P. Lyon to be assessed, he would have had no authority to do it, and in that way to override the conditions of reinstatement set forth in the very laws which give him his powers. For the same reason, payments to the financial secretary, or to the supreme treasurer, could have no greater effect. It is unnecessary to consider whether no extreme case could be put in which the corporation could be held to have waived its own laws, notwithstanding the difficulties which arise from its peculiar constitution. See *Brotherhood's case*, 31 Beav. 365, 373. It is enough to say, that it is found not to have done so here, and that the evidence warranted no other conclusion. *Burbank* v. *Boston Police Relief Association*, 144 Mass. 434, 437. *McCoy* v. *Roman Catholic Ins. Co.* 152 Mass. 272.

As the defendant has not assessed Oliver P. Lyon, or received money from him as payment of assessments since his suspension, it follows that for this reason, if for no other, it is not bound to

restore the money paid by him on December 3d, as a condition of its right to deny his continued good standing. If *de facto* it has the money, no doubt, it may be compelled to restore it in a separate suit. The same answer may be made to the suggestion that the plaintiff's acts gave her a claim by estoppel. She paid with notice of the condition attached to the defendant's promise, if that be material. Moreover, she was a stranger to the contract, and can stand no better than if she had brought the action as administratrix, as she should have done. The most that she could claim is, that, being a *cestui que trust* of her husband, subject to his unlimited power of revocation, she was so far identified with him that payments by her would have the same effect as payments by him. They could have no greater.

*Judgment for the defendant.*