EFFIE WALKER *vs.* UNITED ORDER OF THE GOLDEN STAR, INC.

Suffolk.    January 10, 1912. — June 18, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Fraternal Beneficiary Corporation.*

Where a by-law of an incorporated fraternal beneficiary order, conducting its business on the lodge system, provides that a member suspended by reason of nonpayment of an assessment to the collector within thirty days from notice of it shall be reinstated on payment of the assessment within the next thirty days, the collector, in the absence of any rule or by-law to the contrary, by agreement with a delinquent member may make such payment in his behalf, and such payment, if made in good faith and without any intent to defraud or injure the order, will operate to reinstate the member as if made by the member himself.

Where a by-law of an incorporated fraternal beneficiary order provides, that a member suspended by reason of non-payment of an assessment within thirty days from notice of it shall be reinstated on payment of the assessment within the next thirty days, such a payment made in good faith within the last named period, in the absence of any requirement of good health as a condition of reinstatement, will operate to reinstate the member although when it was made he was suffering from an injury which later caused his death.

MORTON, J.    The defendant is a fraternal benefit insurance order conducting its business under the lodge system. The plain-

tiff is the beneficiary in a certificate of insurance for $2,000 issued to her husband Marcellus J. Walker, by the defendant. The insured died on May 22, 1909, and this is an action to recover the amount of the insurance. The case was tried by a judge of the Superior Court*without a jury and the court found for the plaintiff. The case comes here on exceptions by the defendant to the refusal of the judge to give certain rulings that were requested, and to the admission of certain evidence.

The certificate was issued upon the condition that the "member complies in the future with the Laws, Rules and Regulations now governing the said Commandery and Fund, or that may hereafter be enacted by this Order to govern said Commandery and Fund;" and also upon the further condition "that said member is in good standing in this Order, at the time of his death; and . . . that the suspension, disconnection or expulsion of said member shall work an immediate forfeiture of all claims of said member on the Benefit Fund of the Order, also, the forfeiture of the claims of the beneficiaries named in this Certificate." The by-laws contain the following: "All members shall have thirty days from the date of the notice calling an assessment, issued by the Grand Commander and Grand Recorder, in which to pay said assessment to the Collector and shall be suspended from the Order by nonpayment within said time; they shall be reinstated provided they make payment within the next thirty days, but shall be disconnected from the Order by nonpayment within said second period of time." Notice of an assessment was issued on April 1, 1909. The insured did not pay the assessment within thirty days.

The plaintiff contends that pursuant to an agreement with her husband, the collector of the lodge at Needham, to which her husband belonged, paid or advanced the amount of the assessment for him before his death during the second period of thirty days, and that the insured was thereby reinstated, and was in good standing at the time of his death.

The case turns on the question whether the assessment was paid as thus contended before the death of the insured. This would seem to be largely a question of fact. The presiding judge found that it was paid, and the evidence clearly warranted such a finding.

---

* *Bell,* J.

The collector testified that there was a meeting of the lodge on Tuesday evening, May 18, and that she then paid for the plaintiff's husband the assessment which had been called on April 1. Books kept by her and the card of the insured were produced showing the entries made by her of the payment of the assessment on that date. One of the books was objected to, but we do not see why it was not admissible. No objection was made to the other book into which the original entries on the book that was objected to were posted. Conflicting statements said to have been made by the collector in regard to the alleged payment were testified to by the president of the defendant corporation and by the clerk and another witness. It is possible, however, that they were reconcilable on the theory indicated by the presiding judge in his memorandum, that at the time when they were made the collector was thinking of the date when she received payment from the plaintiff of what she had advanced to pay the amount due from the insured, which was May 23, after the death of the insured, rather than of the date on which she paid the assessment into the lodge for him. It was for the presiding judge to give such weight to the testimony of the collector as he thought it entitled to, and he found that "on the whole . . . the balance of the evidence . . . [was] . . . in favor of the plaintiff's claim." There was nothing in the by-laws, or in the certificate of insurance, or in the nature of the defendant order, or in the office which the collector held, to prevent her from paying the assessment for the insured, pursuant to an understanding between him and her to that effect. *Wheeler* v. *Watertown Ins. Co.* 131 Mass. 1. *White* v. *Connecticut Fire Ins. Co.* 120 Mass. 330. *Chickering* v. *Globe Mutual Life Ins. Co.* 116 Mass. 321. There was evidence tending to show that the collector was accustomed to advance and pay assessments for members, and for them to reimburse her later, and that this was known to and understood by members and officers of the order. The collector had done this many times for Walker and for others. The fact that the defendant is a fraternal insurance order does not, in the absence of any rule or by-law to the contrary, prevent a collector from advancing or paying assessments for other members. Indeed, to do so in a meritorious case would seem to be in harmony with the spirit of the order. If made in good faith and without any intent to defraud or injure the order, such payments had the same effect as if made by the insured himself.

The by-laws expressly provided that the assessments should be paid within thirty days, but if not, a period of grace of thirty days more was given, during which the insured could make payments. A payment so made operated of itself, without anything more, to reinstate the insured in good standing as a member of the order. This was the construction which the evidence would warrant a finding that officers and members had placed upon the by-law and which they were justified in giving to it. In the absence of any requirement of good health as a condition of reinstatement, it cannot be held that the insured was not entitled to reinstatement and was not a member in good standing at the time of his death because suffering at the time from an injury which later caused his death. *Van Houten* v. *Pine,* 11 Stew. 72.

The collector was properly allowed to testify to the understanding between her and the insured as to the payment of assessments for him.

We see no error in regard to the rulings or refusals to rule.

*Exceptions overruled.*

The case was submitted on briefs.

*W. B. Grant,* for the defendant.
*O. E. Dunham,* for the plaintiff.