MARGARET M. CROWLEY *vs.* A. O. H. WIDOWS' AND ORPHANS' FUND.

Middlesex.   October 20, 1915. — November 23, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Fraternal Beneficiary Corporation.  Insurance.  Letter.  Corporation,* By-laws, Officers and agents.

Where, at the trial of an action against a fraternal beneficiary corporation upon a certificate providing for a death benefit, it appeared that a registered letter, containing the amount of two overdue assessments and addressed to the corporation at Marlborough, was mailed at a postal substation at the corner of Green Street and Staniford Street in Boston at ten minutes before nine o'clock on a certain morning, that the post office receipt for the letter was returned to the sender by the messenger by whom the letter was sent at noon on that same day, and that the insured died the next day at fifteen minutes after eleven o'clock in the forenoon, it was *held,* that the question, whether the letter was received by the corporation before the death of the insured, was for the jury.
In the same action, it appeared that the by-laws of the corporation, which were expressly made a part of the contract of insurance, provided in substance that every member should pay each assessment within thirty days after notification

of it, and that, upon failure so to pay, he should forfeit his membership and all interests in the corporation or to any benefit to be derived therefrom, but that, if within thirty days he paid all arrearages and fifty cents and gave a satisfactory certificate of good health, he might be reinstated by the corporation's officers. All dues and assessments up to those which were attempted to be paid by the registered letter had been paid by the insured, but, in fifty-eight instances in eleven years, payments of dues and assessments had been made "after the expiration of the time limit for making such payment" and each of such payments had been accepted by the defendant without remonstrance and a receipt therefor had been sent to the insured. No action was taken at any time to enforce against the insured a forfeiture of his rights under the certificate of insurance nor was any demand made upon him for the additional sum of fifty cents or for the certificate of health. *Held,* that it was a question for the jury whether the defendant had waived the requirement of the by-laws that the December payment should be made within thirty days after it became due; and that the burden of proving that the rights of the beneficiary under the certificate had been forfeited was upon the corporation.

It also *was stated* that no question was raised in this case as to a waiver of a by-law of the corporation by any agent or officer of the corporation, because it appeared by the record that notices of assessments were sent by the defendant corporation, and that all payments of assessments were made to and received by the corporation.

CROSBY, J. The defendant is a fraternal beneficiary life insurance association, established by the laws of this Commonwealth under a charter dated December 4, 1890. A certificate of membership was issued to John S. Crowley, the husband of the plaintiff, on November 10, 1900. The association is supported and funds are obtained for the payment of death claims by dues and assessments imposed on and paid by its members. John S. Crowley died on January 8, 1913. The plaintiff, his widow, is the beneficiary named in the certificate. She brings this action to recover the sum of $1,000 which she claims is due to her thereunder. The case is presented upon a report made by a judge of the Superior Court * before whom the case was tried with a jury, the parties agreeing that if there was any evidence to go to the jury judgment might be entered for the plaintiff in the sum of $1,000 and interest from the date of the writ; otherwise, judgment was to be entered for the defendant.

The questions are, whether the assessment due December 1, 1912, was paid, and, if so, whether the payment of it before January 8, 1913, was waived by the defendant.

Article V, § 2, of the by-laws of the association provides that:

---

* *Bell,* J.

"Upon the death of a member, each surviving member shall, if necessary, be assessed, and shall within thirty days thereafter, having been duly notified, pay . . . the sum of one dollar." Article VI, § 1, of the by-laws provides that "Any member having been duly notified and failing to pay any dues or assessments mentioned herein within thirty days, shall forfeit their membership and all interests they may have in the Association, or any benefit to be derived therefrom; but any member having thus forfeited their membership, upon the application and the payment of all sums due the Association, together with the further sum of fifty cents, may be reinstated by the officers of the Association at any regular or special meeting; provided, however, that such application be made within thirty days after the expiration of the time of payment, and is accompanied by a satisfactory certificate of good health, otherwise it must be treated as a new application." The report states that "All other dues and assessments had been paid up to December 1, 1912. A notice of [the] December, 1912, assessment, amounting to one dollar and fifty cents ($1.50) was sent to the plaintiff by the defendant by a postal card, . . . and received by him on December 3, 1912. Another notice by postal card calling for the payment of a January, 1913, assessment of one dollar ($1.00) was received by the defendant early in January, 1913." We assume that the statement that the notice of the December assessment was sent to the plaintiff was an error and that the notice was sent to the plaintiff's husband. We also assume that the recital that the notice of the January assessment was sent to the defendant was likewise an error and that this notice also was sent to the plaintiff's husband.

On January 7, 1913, at ten minutes before nine o'clock in the forenoon, the plaintiff caused to be mailed in Boston to the defendant "a registered letter containing the sum of two dollars and fifty-one cents ($2.51) in cash and the two notice cards above referred to. . . . The post office receipt for this registered letter was returned to her at 12 o'clock noon that day by the messenger by whom she sent it. On this day John S. Crowley was in good and usual health and did his day's work as a blacksmith." *

It appears from the report that, during the last eleven years

---

* The report also stated, "Defendant refused to accept the money mailed by the plaintiff on January 7, 1913."

in which the policy was in force, the plaintiff, at the request and as the agent of her husband, attended to the payment of all assessments and dues to the defendant with reference to the certificate; that during these eleven years all notices of assessments and dues were sent by mail to John S. Crowley by the defendant, from Marlborough in this Commonwealth, where its offices were situated; and that during all that time all payments made by him to the defendant of dues and assessments under the certificate were sent by mail by letter addressed to the defendant at Marlborough. The report also recites: "That, during said term of eleven years, at least fifty-eight (58) instances occurred in which payment was made by said John S. Crowley to the defendant corporation of dues and assessments after the expiration of the time limit for making such payment stated in the defendant's notice concerning such dues and assessments, each of which payments was accepted by the defendant without remonstrance, and a receipt sent by it to John S. Crowley therefor." A table is annexed to the report showing the dates of assessments, together with the dates when such payments were due and the dates of payment after the expiration of the time limit fixed therefor by the by-laws. The rules and regulations of the association are expressly made a part of the contract of insurance.

1. We are of opinion that it was a question for the jury to determine whether the registered letter sent by the plaintiff to the defendant and mailed in Boston * at ten minutes before nine o'clock in the forenoon of January 7, which contained the December as well as the January assessment, was received by the defendant at Marlborough before the death of John S. Crowley, which occurred on January 8, 1913, at about fifteen minutes after eleven o'clock, A. M. *Ferguson* v. *Union Mutual Life Ins. Co.* 187 Mass. 8. We do not deem it necessary to determine whether, under the circumstances, the sending of the amount of the assessment by mail could be found to be a payment to the defendant even if the defendant never received it.

2. The assessment of December 1, 1912, not having been paid in accordance with the by-laws, that is, within thirty days from the time when it became due, the question remains whether the

* At the postal substation at the corner of Green Street and Staniford Street in that city.

by-law was waived by the defendant, or rather, whether the jury would have been justified in so finding.

We are of opinion that it could not be ruled as matter of law that the by-law was not waived by the defendant and that therefore the rights of the holder of the certificate had been forfeited.

It is a general rule that the officers of a mutual beneficiary insurance association have no authority to waive its by-laws so far as they relate to the substance of the contract. *McCoy* v. *Roman Catholic Mutual Ins. Co.* 152 Mass. 272. *Lyon* v. *Royal Society of Good Fellows,* 153 Mass. 83.

In this case no question arises as to a waiver of the by-laws by any agent or officer of the company. It appears from the report that the notices of the assessments were sent by the defendant corporation and that the payments of all the assessments were made to and received by the defendant. *Rice* v. *New England Mutual Aid Society,* 146 Mass. 248. A waiver of important provisions of a written contract is not to be inferred from slight evidence. It appears from the terms of the report that during the period of eleven years preceding the death of the certificate holder he had paid and the defendant had received assessments in at least fifty-eight instances after the time limit fixed by the by-laws for making such payments had expired, and that no action was taken at any time by the defendant to enforce a forfeiture against Crowley of his rights under his certificate by reason of his delay in making payments beyond the time limit, nor was any demand ever made upon him for the payment of an additional sum of fifty cents for reinstatement, nor was he ever required to furnish a medical certificate of health as provided by the by-laws.

In view of these undisputed facts we think it plain that it was a question for the determination of the jury whether the defendant had waived the requirement of the by-laws that the payment of the December assessment should be made within thirty days after the same became due. See *Metropolitan Coal Co.* v. *Boutell Transportation & Towing Co.* 185 Mass. 391; *Crossman* v. *Massachusetts Benefit Association,* 143 Mass. 435; Bacon on Benefit Societies & Life Ins. § 433; *Lake* v. *Farmers' Ins. Co.* 110 Iowa, 473; *Dougherty* v. *Supreme Court of Independent Order of Foresters,* 125 Minn. 142; *McNee* v. *Coburn Trolley Truck Co.* 170 Mass. 283; *Sweetland* v. *Lynn & Boston Railroad,* 177 Mass. 574; *Boyle*

v. *Columbian Fire Proofing Co.* 182 Mass. 93; *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575; *Cutts* v. *Boston Elevated Railway,* 202 Mass. 450.

The burden of proving that the plaintiff's rights under the certificate had been forfeited by reason of a failure to comply with its terms was upon the defendant. *Kidder* v. *United Order of the Golden Cross,* 192 Mass. 326.

In accordance with the terms of the report judgment is to be entered for the plaintiff in the sum of $1,000 with interest from the date of the writ.

*So ordered.*

*E. G. Loomis,* for the plaintiff.

*T. L. Walsh & P. F. Cannon,* for the defendant, submitted a brief.

