SOCIETA UNIONE FRATELLANZA ITALIANA *vs.* EDWARD J. LEYDEN.

Hampden.   September 25, 1916. — January 8, 1917.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Fraternal Beneficiary Corporation. Corporation,* Waiver of provision of constitution, Estoppel. *Waiver. Estoppel.*

The requirements of a provision of the constitution of a fraternal beneficiary corporation that, in order for a former member to be readmitted after an absence from the United States, he shall present to the secretary of the corporation "a certificate from the society's physician, declaring him to be physically and mentally sound and readmissible," are not met by the presentation of a certificate of the physician stating that he found the applicant for readmission "still sick with indigestion, but improving."

If, upon the presentation of the certificate above described to a meeting of the corporation, a vote is passed granting the application for readmission, such vote is void.

The facts, that such a vote was passed by the corporation under the circumstances above described, that for six months thereafter the member paid his

monthly dues and the corporation accepted and did not return them, that at the end of the six months the corporation's officers refused to accept further dues from him on the ground that he was not legally readmitted as a member and that he continued to tender the dues, will not warrant a finding that the corporation had waived the provisions of the constitution; nor will they estop the corporation from denying the legality of the readmission of the member.

In the present case there was no evidence of such a repeated disregard of the provision of the constitution as would amount to an abandonment of it, if it could be abandoned; and the question, *whether* such a provision of the constitution of the corporation could be abandoned as it was held in *Crowley* v. *A. O. H. Widows' & Orphans' Fund*, 222 Mass. 228, that a certain by-law was abandoned, did not arise.

TORT against a deputy sheriff for damages resulting from a false return by him upon a writ against the plaintiff, the return stating that the writ had been served upon the plaintiff when it had been served upon a stranger. Writ in the Police Court of Springfield dated August 31, 1912.

On appeal to the Superior Court the case was tried before *King*, J. The material facts are stated in the opinion. At the close of the evidence by order of the judge the jury found for the plaintiff in the sum of $376.21; and the judge reported the case for determination by this court upon the terms stated in the opinion.

The case was submitted on briefs.

*D. E. Leary, G. D. Cummings & G. F. Leary*, for the defendant.

*S. Martinelli & W. G. Brownson*, for the plaintiff.

LORING, J. This is an action against a deputy sheriff for a false return. The facts were these: One Teresa Fortini sued out a writ against the plaintiff corporation and committed it to the defendant for service. The defendant served on a stranger and made return that he had served upon the corporation. The result was that the plaintiff corporation was defaulted, the case went to judgment and the sum of $300 damages and $8.40 costs was collected by Teresa from a savings bank which had been summoned as trustee in the original action. The original action was brought to recover mortuary dues to which Teresa was entitled if her husband was a member of the plaintiff corporation on the day of his death. The deputy sheriff contended that on the evidence introduced by him the jury were warranted in finding that Teresa's husband was a member in good standing at that time. If he was, the damages suffered by the plaintiff by reason of the false return were nominal. If he was not, the damages suffered by the plaintiff corporation

came to the sum collected on execution by Teresa. The judge directed the jury to find a verdict for the plaintiff for the amount collected on execution and reported the case to this court "with the stipulation that, if this direction was right, judgment is to be entered upon the verdict; otherwise, judgment is to be entered for the plaintiff for nominal damages of $1."

At the trial the deputy sheriff admitted that he was liable. On this admission the judge was right in directing a verdict for the plaintiff in some sum. He admitted further that the plaintiff was entitled to recover the sum collected on execution in the original action unless on the evidence introduced by him (the defendant) the jury could have found that the husband of Teresa was a member in good standing at the time of his death. This authorized the direction of a verdict in the sum for which the verdict was rendered if on the evidence the jury were not warranted in finding that the husband was a member in good standing at the time in question. The judge in effect ruled that the jury were not warranted in finding that the husband was a member in good standing on the day of his death. The correctness of that ruling is the question now before us.

The facts put in evidence by the sheriff on which he contended that the jury could find that the husband of Teresa was a member in good standing at the time of his death were as follows: The husband left the United States for Italy on March 2, 1911. At that time he was a member in good standing. The constitution of the plaintiff corporation provides that any member leaving the United States shall have neither the rights nor the duties of a member during his absence. It further provides that on returning to the United States he can be readmitted to membership provided within one month of his arrival in this country he presents to the secretary of the corporation "a certificate from the society's physician, declaring him to be physically and mentally sound and readmissible." Teresa's husband returned to the United States on May 2, 1911. On May 5, 1911, he went to the office of the society's physician and obtained from him the following certificate: "This is to certify that I have examined Mr. Luigi Fortini, and find him still sick with indigestion, but improving." On the evening of that day this certificate was presented to a meeting of the plaintiff corporation at which a quorum was present and the

corporation in effect voted or the jury were warranted in finding that the corporation in effect voted to readmit the husband. Thereafter he paid his dues for May and the five succeeding months. These dues have never been returned. At a meeting of the plaintiff corporation held in November, 1911, a member called to the attention of the meeting the fact that Luigi had never become a member, because he had failed to produce the proper certificate from the society's physician. The president was about to put to vote the question whether Luigi was or was not a member when the member in question took the position that such a vote was unnecessary. Thereupon the president adopted that position and ordered the corresponding secretary to notify Luigi that he was not a member of the society. Thereafter the corporation struck off his name from the list of members and refused to accept any dues from him, although monthly dues were regularly tendered by him until the day of his death. He died in April, 1912.

We take up first the question whether the certificate presented by Teresa's husband was or could have been accepted by the corporation as a compliance with this provision of the constitution. We assume that the certificate could be accepted as a compliance with the constitutional provision if it complied with it in substance. Did it? What the corporation's physician certified to was that the husband is "still sick with indigestion, but improving." Indigestion is a neutral term. Some forms of indigestion are compatible with the person in question being physically and mentally sound. Other forms of indigestion are not compatible with that. Indigestion may mean that for temporary functional reasons a man's food does not agree with him. But indigestion may be the manifestation of disease which would render the patient physically unsound. Indigestion sometimes spells cancer; sometimes peritonitis or appendicitis; and sometimes gastric ulcers. The physician of the corporation went no further than to certify that Teresa's husband was suffering from indigestion. Which kind of indigestion he was suffering from the physician did not state. We take the question as it stood when the certificate was presented without regard to the fact that a month later on an operation was performed on the husband for cancer of the stomach. Possibly what we have just said as to indigestion goes beyond the judicial knowledge of the court. However that may be, we are of opinion that a cer-

tificate that a man is "still sick with indigestion" is not equivalent to a certificate that he is "physically and mentally sound" and cannot be accepted as such.

The other contention put forward by the defendant is that the plaintiff corporation has waived its right to require the certificate called for by the constitution as a condition of readmission and that it is now estopped to set up that defence. He bases that contention on the action of the members of the corporation at the meeting of May 5 (in effect undertaking to readmit Teresa's husband to membership) and on the acceptance and retention of the dues paid by him for that and the succeeding five months. He relies on these as acts of the corporation as distinguished from acts of its officers. He concedes on the authority of *Burbank* v. *Boston Police Relief Association,* 144 Mass. 434, *McCoy* v. *Roman Catholic Mutual Ins. Co.* 152 Mass. 272, and *Lyon* v. *Royal Society of Good Fellows,* 153 Mass. 83, that the provision of the constitution here in question (requiring the physician's certificate as a condition of readmission) could not have been waived by the officers of the corporation. But he contends that it can be and was waived by the corporation itself and that where pursuant to action by the corporation itself monthly dues are received and retained by it a waiver and estoppel comes into existence which prevents the corporation setting up noncompliance with such a provision of the constitution.

That is a question which was left open in *Burbank* v. *Boston Police Relief Association,* *ubi supra,* at page 437, and in *Lyon* v. *Royal Society of Good Fellows, ubi supra,* at page 86.

Teresa's right to mortuary dues depends upon these provisions of the constitution of the plaintiff corporation: "The family of the deceased member shall receive from this Society as many times one dollar as there are active members in the Society at the time of the death of the member." "At the death of a member of this Society, every member shall pay One ($1) dollar as mortuary dues." That is to say, Teresa's right to mortuary dues depends upon the liability of each member of the corporation to pay $1 in case Luigi was a member of the corporation on the day of his death. In other words, the question we have to decide is the same question which would have arisen if the plaintiff corporation had undertaken upon the death of Luigi to collect from each

member of the corporation $1 upon the ground that mortuary dues were due to Teresa.  If such an action had been brought, could the corporation have maintained it?  Suppose the member sued had set up in defence: The constitution of the corporation provides that a person whose membership has lapsed cannot be re-admitted unless he produces the certificate of the corporation's physician that he is physically and mentally sound at the date when he applies for readmission.  It is admitted, or for the purposes of the present discussion it must be admitted, that Luigi did not present such a certificate when the members present at the meeting in May undertook to readmit him.  Why the members present at the meeting in May undertook to readmit him does not appear. It does not appear whether they thought that the certificate presented by him was sufficient or whether they thought it insufficient and undertook to override the constitution; and it is immaterial which view was taken by the members present at the May meeting.  So long as the constitution is unchanged no action could be taken by the corporation which admitted a person to membership and so admitted him to the class insured by the other members unless he had complied with the conditions of the constitution defining the class who can be admitted as members.  If the constitution had provided in terms that this condition as to the admission of members could not be waived or changed by the corporation (unless the constitution was changed) it would have added nothing to the provisions of the constitution already set forth.  The very purpose of putting the provision as to the admission of members in the constitution is to make certain that neither the officers of the corporation, nor the corporation itself, can admit to membership persons who are outside the class defined.  There is no pretence in the case at bar that the constitution had been changed or that the members present at the meeting in May could change the constitution at that meeting.  It is provided in the constitution that: "Any modification or addition must be proposed at a meeting and voted at the next meeting."

To that defence of a member in an action to collect from him $1 to pay mortuary dues on the death of Luigi Fortini there is no answer.  In other words, there is no difference between the case where officers of mutual beneficiary corporations undertake to override the provisions of the constitution defining the class of

persons who can be admitted as members and so become insured by the other members and the case where the corporation by a majority vote of its members present at a meeting of the corporation undertake to do so.   Neither body has a right to override the constitution, and the result is the same in each case.   It follows that (although the question was left open in *Burbank* v. *Boston Police Relief Association,* 144 Mass. 434, 437, and in *Lyon* v. *Royal Society of Good Fellows,* 153 Mass. 83, 86) the case at bar is within the principle on which those two cases and *McCoy* v. *Roman Catholic Mutual Ins. Co.* 152 Mass. 272 were decided.

From the fact that it is not within the power of the members of the corporation to waive a provision of the constitution it follows that no estoppel arises from the acceptance of dues by the corporation pursuant to a vote by which the corporation undertakes to override the provisions of its constitution.   The corporation cannot do by indirection what it cannot do directly.   If by chance in the case at bar any money so paid is now in its hands, the executor or administrator of Luigi can recover it from the corporation.   In that respect the case is within the decision of this court in *Lyon* v. *Royal Society of Good Fellows,* 153 Mass. 83.

It appeared that between the May meeting and that in November the corporation paid Luigi sick benefits for thirteen weeks.   The amount of the sick benefit paid to Luigi and the amount of the monthly dues paid by him are not set forth in the report.   It is hardly likely that monthly dues for five months exceed the amount of sick benefits for thirteen weeks.   If they do not, there is nothing now in the hands of the corporation to be returned to Luigi's representatives.

Cases like the case at bar, where the right which it is claimed has been waived is created by the constitution, stand on a different footing from cases where the right claimed to have been waived is created by the contract entered into between the beneficiary corporation and the member.   Where a right has been brought into being by contract between the beneficiary corporation and the member and the right in question is one which the beneficiary corporation was at liberty to bring into existence or not to bring into existence (as it in its discretion might choose to do), the receipt of dues after there has been a breach of such a contract right is a waiver of it.   *Rice* v. *New England Mutual Aid Society,* 146 Mass.

248, and cases like it, are cases of that kind, that is to say, cases where the right held to have been waived was not created by the beneficiary corporation's constitution. For cases like *Rice* v. *New England Mutual Aid Society,* see *Crossman* v. *Massachusetts Benefit Association,* 143 Mass. 435, 438; *Rindge* v. *New England Mutual Aid Society,* 146 Mass. 286; *Shea* v. *Massachusetts Benefit Association,* 160 Mass. 289; *Campbell* v. *Knights of Pythias of the World,* 168 Mass. 397, 400. *McNicholas* v. *Prudential Ins. Co.* 191 Mass. 304, 308; *Walker* v. *United Order of the Golden Star, Inc.* 212 Mass. 289; *Insurance Co.* v. *Norton,* 96 U. S. 234.

We have examined the cases relied on by the defendant and with one possible exception find nothing in them requiring special notice. The possible exception is the case of *Draper* v. *Oswego County Fire Relief Association,* 190 N. Y. 12. In that case it seems to have been assumed that a defence founded upon a by-law of a co-operative fire insurance company could be waived by the company. In that case it was held that on the evidence there was no waiver. The assumption made in that case was an assumption made without discussion.

So far as appears, the attempt which was made at the May meeting to override the provision of the constitution of the plaintiff corporation here in question was the first time that the plaintiff corporation had undertaken to override it. In other words, there was no evidence in the case at bar that warranted a finding that this provision of the constitution had been abandoned by it. In that respect this case stands on a different footing from the decision of this court in *Crowley* v. *A. O. H. Widows' & Orphans' Fund,* 222 Mass. 228. In that case there was evidence that the by-law there in question had been abandoned. There was evidence in that case that during a period of eleven years next before the time there in question fifty-eight instances occurred in which a late payment had been accepted from the member in question alone without the corporation requiring the production of a certificate of good health which the by-laws required in case a forfeiture was to be waived. It was under these circumstances that this court held in that case that the jury could find that the by-law in question had been abandoned and was no longer in force.

It follows from what has been said that there was no evidence warranting a finding that Luigi Fortini was readmitted to mem-

bership in the plaintiff corporation, and under the admissions of the defendant the judge was right in directing the jury to return a verdict in favor of the plaintiff for the amount collected on execution with interest. By the terms of the report judgment is to be entered upon the verdict, and it is

*So ordered.*