ALICE BARRY SULLIVAN & others *vs.* MASSACHUSETTS
CATHOLIC ORDER OF FORESTERS.

Suffolk. October 4, 1938. — February 1, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Fraternal Benefit Society. Waiver. Estoppel.*

A provision of the constitution and by-laws of a fraternal benefit society that a member suspended for nonpayment of an assessment might be reinstated on condition that he pay the arrears "within thirty days from the date of such suspension" did not permit a reinstatement by a payment of the arrears made after his death although within thirty days of his suspension.

Under G. L. (Ter. Ed.) c. 176, § 34, acceptance by a fraternal benefit society, after the death of a suspended member and with full knowledge of his death, of payments made for the purpose of his reinstatement did not waive, nor estop the corporation to rely on, the contention that such payment did not effectuate a reinstatement.

CONTRACT. Writ in the Superior Court dated January 25, 1937.

The action was heard by *Hurley*, J., upon an agreed statement of facts and was reported to this court without decision.

The case was submitted on briefs.

*H. W. Sullivan*, for the plaintiffs.

*W. J. Hickey, Jr.*, & *B. Helman*, for the defendant.

QUA, J. The plaintiffs bring this action to recover the sum named in a benefit certificate issued to Edward P. Barry, deceased, by the defendant, a fraternal benefit society incorporated under what is now G. L. (Ter. Ed.) c. 176.

These facts are agreed: The plaintiffs are the proper parties to bring the action. The "Constitution and By-Laws of the Order" relating to "Subordinate Courts," to the terms of which Barry was subject, provided that any member who failed to pay the mortuary assessment within thirty days from the date of issue of the call should "stand suspended" and should "forfeit all claims upon the Mortuary Fund," and that any member so suspended might be reinstated "on condition that he . . . [should] pay all financial arrears . . . within thirty days from the date of such suspension." Barry was suspended August 17, 1936, and died September 1 of that year without having paid his assessment. On September 5, within the thirty-day period but after Barry's death, all arrears were paid to the subordinate court. The sum so paid was included in the monthly remittance from that court to the governing board of the order and was retained by the latter. "The act of receiving said remittance was the act of the defendant." Both the defendant's representative who received payment of the arrears and the governing board knew at the respective times of the receipt of the money by each that Barry had died on September 1.

It seems plain that chapter 176 to which the defendant owes its being, and from which it derives its powers, contemplates that the mortuary fund of a fraternal benefit society shall attach as an assurance only upon the life of a living member whose relation to the society remains such that under its governing ordinances he or his beneficiaries are at the time of his death within the class designated as entitled to share in the fund. At the time of his death Barry stood "suspended from the Order." He had forfeited "all claims upon the Mortuary Fund." The provisions of the constitution are to be interpreted according to the natural meaning of the words used as applied to the state of affairs to which they were intended to relate. It is the suspended member, not his estate or his beneficiaries, who is to be "reinstated" to full membership "on condition that he shall pay" the arrears within thirty days from the date of suspension. The privilege of reinstatement is personal to him and does not descend to those who have never been members and who for many possible reasons might be ineligible to join. A dead man cannot be reinstated to membership. The soundness of these propositions seems to have been assumed in *Walker* v. *United Order of the Golden Star, Inc.* 212 Mass. 289, where on page 290 this court said, "The case turns on the question whether the assessment was paid as thus contended before the death of the assured," and again in *Crowley* v. *A. O. H. Widows' & Orphans' Fund,* 222 Mass. 228, 231. It is expressly affirmed in *Carlson* v. *Supreme Council American Legion of Honor,* 115 Cal. 466; *Brown* v. *Knights of the Protected Ark,* 43 Col. 289; *Gifford* v. *Workmen's Benefit Association,* 105 Maine, 17; *Chasson* v. *Sovereign Camp of the Woodmen of the World,* 127 Maine, 151; *Yoe* v. *Benjamin C. Howard Masonic Mutual Benevolent Association,* 63 Md. 86; and *Supreme Commandery of the United Order of the Golden Cross of the World* v. *Bernard,* 26 App. (D. C.) 169. See *Campbell* v. *Knights of Pythias of the World,* 168 Mass. 397; *McLaughlin* v. *Catholic Knights of America,* 184 Mass. 298, 302; *Proctor* v. *United Order of the Golden Star,* 203 Mass. 587.

The plaintiffs further contend and cite many cases from

other jurisdictions in the effort to show that the defendant by accepting and retaining the arrears with full knowledge of Barry's death waived or became estopped to assert the forfeiture. But G. L. (Ter. Ed.) c. 176, § 34, reads as follows: "The constitution and by-laws of the society shall be binding on it, on every member thereof, and on all beneficiaries of members, and shall provide that no subordinate body nor any of its subordinate officers or members shall have power or authority to waive any provision thereof, and otherwise there shall be no waiver excepting as the constitution and by-laws of the supreme body shall specifically permit." In addition to this, the case of *Societa Unione Fratellanza Italiana* v. *Leyden*, 225 Mass. 540, holds that the society cannot waive or estop itself against the operation of its own organic law. That case is decisive against the plaintiffs' contention. Such cases as *Rice* v. *New England Mutual Aid Society*, 146 Mass. 248, and *Shea* v. *Massachusetts Benefit Association*, 160 Mass. 289, are there distinguished. Compare *Crowley* v. *A. O. H. Widows' & Orphans' Fund*, 222 Mass. 228.

No doubt the society is obligated to return the money which it received after Barry's death. *Societa Unione Fratellanza Italiana* v. *Leyden*, 225 Mass. 540, 546.

*Judgment for the defendant.*